IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK ANDREW SCHULTZ,

                    Plaintiff,
        v.                                                                    OPINION and ORDER

TERRY JOHNSON, ROBERT LIEBE,                                                  24-cv-158-jdp
and HEATHER BURR,

                    Defendants.

---

Plaintiff Mark Andrew Schultz, proceeding without counsel, is currently incarcerated at Green Bay Correctional Institution. Schultz alleges that when he was arrested and taken to the Wood County Jail, staff didn't give him proper medical treatment for a drug overdose that caused him bodily harm. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Schultz's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Schultz's current allegations fail to state a claim for relief against defendants. But I will give him a chance to file an amended complaint better explaining his claims.

ALLEGATIONS OF FACT

I draw the following facts from Schultz's complaint, Dkt. 1, and the documents that he attaches to it.

On March 7, 2022, Schultz was arrested by defendant Wood County deputies Terry Johnson and Robert Liebe for operating while under the influence. They took Schultz to the emergency room for an OWI screening. A doctor there medically cleared Schultz to be taken to the Wood County Jail. The doctor also provided "return precautions"—I take Schultz to mean that the doctor told defendants under what conditions he should be brought back to the emergency room.

Once at the jail, Schultz started suffering symptoms of an overdose, including "agitated delirium" and a racing heartbeat. Dkt. 1-3, at 3 (Schultz's medical notes). But no one at the jail assisted him for hours. Eventually paramedics gave him ketamine and midazolam to calm him and they took him back to the emergency room, where he was diagnosed with a possible drug overdose and rhabdomyolysis (a condition occurring from damaged muscle tissue).

ANALYSIS

Schultz contends that defendant deputies Johnson and Liebe and Wood County Jail Sergeant Heather Burr violated his constitutional rights by failing to get him medical treatment sooner. Different standards apply to an incarcerated person's claims brought under the Constitution depending on the legal status of the plaintiff: the Eighth Amendment governs claims of convicted prisoners, the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Fourth Amendment governs claims of arrestees for whom there has not yet been a judicial determination of probable cause. *Collins v. Al-Shami*, 851 F.3d

727, 731 (7th Cir. 2017); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). Based on Schultz's allegations it appears that the Fourth Amendment applies to him because the events immediately followed his arrest. But in any event, there isn't a material difference in the Fourth and Fourteenth Amendment standards following the United States Supreme Court's adoption of an "objective unreasonableness" standard for Fourteenth Amendment cases, matching the standard for Fourth Amendment cases. *See Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

To properly plead a medical care claim under either standard, Schultz must allege that: (1) he had a serious medical need; (2) defendants made an intentional decision regarding his medical care; (3) defendants' actions were objectively unreasonable; and (4) defendants' actions caused him harm. *See* Seventh Circuit Jury Instruction 7.11 (Fourth Amendment medical care claim); *Cirves v. Syed*, No. 19-cv-725-jdp, 2022 WL 7458760, at *3 (W.D. Wis. Oct. 13, 2022) (discussing elements of Fourteenth Amendment medical care claim).

Schultz properly alleges that he had a serious medical need and that he suffered harm from the delay in medical treatment. But he does not properly allege that *defendants'* actions or inactions caused him harm. To state a constitutional claim, a defendant must be personally involved in the constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Schultz broadly alleges that jail staff was supposed to monitor him, but he does not explain how Johnson, Liebe, or Burr were responsible for the failure to monitor him or get emergency help sooner. He does allege that Johnson and Liebe were given "return precautions" by the emergency room doctor after his initial visit there, but he does not explain what those precautions were, whether defendant failed to pass them on to jail staff, or whether that failure was the cause of his delay in medical care.

3

I will give Schultz a chance to file an amended complaint better explaining his claims. In drafting his amended complaint, Schultz should remember to state his allegations as if he were telling a story to someone who knows nothing about the events. In particular, he should name as defendants only those officials who were personally involved in the failure to get him prompt medical care, and he should explain what each defendant did or failed to do that harmed him.

If Schultz does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1.  Plaintiff Mark Andrew Schultz's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until June 27, 2024, to submit an amended complaint.

Entered June 6, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge